UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

XUEJUN MAKHSOUS,

        Plaintiff,

v.                                              Case No. 18-C-587

LINDA SEEMEYER, in her official
capacity as Secretary of the Wisconsin
Department of Health Services,

        Defendant.

**ORDER**

Plaintiff Xuejun Makhsous, who is currently proceeding pro se, filed this action on April 13, 2018. Plaintiff subsequently amended her complaint as a matter of course on June 21, 2018. On July 30, 2018, Plaintiff filed a proposed second amended complaint. A party may amend her pleading once as a matter of course within 21 days after serving it or 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). In all other instances, a party must obtain "the opposing party's written consent or the court's leave" to amend her pleading. Fed. R. Civ. P. 15(a)(2). Plaintiff has not sought leave to amend the complaint and has not provided any facts or reasons to persuade the court to allow leave to amend the complaint.

Plaintiff's second amended complaint also fails to comply with the Federal Rules of Civil Procedure and local rules governing amendment of pleadings. Civil L.R. 15(a) states:

> Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.

Federal Rule of Civil Procedure 8(a)(2) also requires a "short and plain statement of the claim

showing that the pleader is entitled to relief." Here, Plaintiff's second amended complaint does not provide a short and plain statement of Plaintiff's claims because it requires the court and the defendants to "forever sift through" the court record to determine which allegations are made against the defendant. *Jennings v. Emr*, 910 F.2d 1434, 1436 (7th Cir. 1990). By referring to the amended complaint and Plaintiff's response to the motion to dismiss, the second amended complaint makes it difficult "for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994). Accordingly, Plaintiff's second amended complaint (ECF No. 35) is **STRICKEN** from the action for failure to comply with the Federal Rules of Civil Procedure and Civil L.R. 15.

    **SO ORDERED** this  31st  day of July, 2018.

                                          s/ William C. Griesbach
                                          William C. Griesbach, Chief Judge
                                          United States District Court