UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

XUEJUN MAKHSOUS, individually
and for New Life of Crivitz LP,

    Plaintiff,

 v.              Case No. 18-C-587

LINDA SEEMEYER, in her official
capacity as Secretary of the Wisconsin
Department of Health Services,

    Defendant.

# DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

  Plaintiff Xuejun Makhsous, who is currently representing herself, filed this action against Defendant Linda Seemeyer, in her official capacity as the Secretary of the Wisconsin Department of Health Services (DHS), alleging violations of the Fourteenth Amendment. Defendant filed a motion to dismiss this action on June 29, 2018. For the following reasons, the motion to dismiss will be granted and the case dismissed.

## BACKGROUND

  Plaintiff is a Chinese national who operates two assisted living facilities in Marinette County, Wisconsin. She asserts that DHS carried out unnecessary inspections of her facility and cited her for "petty violations." As a result of receiving the citations, she was not allowed to admit new patients in the facilities, driving her to financial ruin. Plaintiff asserts that she did not receive due process when DHS deprived her of her property and that she was subject to oppressive scrutiny that destroyed her business due to her race.

In particular, Plaintiff claims DHS has deprived her and New Life of Crivitz LP of their property interest by subjecting them to a constant and arbitrary stream of investigations without due process rights. ECF No. 26, ¶ 22. As to her equal protection claim, Plaintiff alleges DHS and its agents have run her out of Wisconsin by subjecting her to a level of scrutiny that far exceeds anything that it imposed on Caucasian-owned facilities. *Id.*, ¶ 39. Plaintiff requests that the court issue a declaration that DHS has unconstitutionally deprived her of property without affording her due process and that DHS has unconstitutionally discriminated against her on the basis of her race; award damages for the economic loss she suffered; enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and grant Plaintiff such any other relief the Court deems appropriate, including an order forcing DHS to give her an impartial and fair hearing on reinstating her license to run the facilities. *Id.* at 14, 16.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of the complaint to state a claim upon which relief may be granted. In evaluating a motion to dismiss, the court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a light most favorable to the plaintiff. *Yasak v. Retirement Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004). The court is also obliged to construe a plaintiff's *pro se* allegations liberally, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**ANALYSIS**

Plaintiff maintains that she is suing Defendant Seemeyer in her official capacity. It is well-settled that "[a]ctions against individual defendants in their official capacities are treated as suits

brought against the government entity itself." *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) (citation omitted). Section 1983 does not permit a plaintiff to bring a suit for monetary damages against a state or its officials acting in their official capacities. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment also bars "actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Peirick v. Ind. Univ.–Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007). The Eleventh Amendment does not, however, bar suits against state officials sued in their official capacities for injunctive relief, and these suits are also authorized by § 1983. *See Power v. Summers*, 226 F.3d 815, 819 (7th Cir. 2000); *see also Ex parte Young*, 209 U.S. 123, 159–60 (1908). "A court applying the *Ex parte Young* doctrine now 'need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Indiana Prot. & Advocacy Servs. v. Indiana Family & Soc. Servs. Admin*, 603 F.3d 365, 371 (7th Cir. 2010) (quoting *Verizon Maryland Inc. v. Pub. Servs. Comm'n of Maryland*, 535 U.S. 635, 645 (2002)).

In this case, Plaintiff does not make any request for injunctive relief. Her allegations are phrased in the past tense, and the complaint does not contain any allegations of ongoing federal law violations. In other words, Plaintiff's complaint fails to allege any ongoing violations of her constitutional rights. Because Plaintiff does not seek prospective relief for ongoing violations but merely monetary damages and declaratory relief for deprivations she has already allegedly suffered, she cannot maintain a lawsuit against Defendant Seemeyer in her official capacity. Accordingly, Plaintiff's claims against Defendant Seemeyer must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 30) is **GRANTED**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** this   2nd   day of August, 2018.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court