UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

XUEJUN MAKHSOUS,

        Plaintiff,

v.                                                                            Case No. 18-C-587

LINDA SEEMEYER, in her official
capacity as Secretary of the Wisconsin
Department of Health Services,

        Defendant.

---

## DECISION AND ORDER GRANTING
## MOTION FOR RELIEF FROM JUDGMENT AND TO REOPEN CASE

---

        Plaintiff Xuejun Makhsous filed this suit on April 13, 2018. She subsequently amended her complaint as a matter of course on June 21, 2018, alleging Defendant Linda Seemeyer, in her official capacity as Secretary of the Wisconsin Department of Health Services (DHS), violated her Fourteenth Amendment rights. Defendant moved to dismiss Plaintiff's amended complaint on June 29, 2018. Plaintiff filed a brief in opposition to Defendant's motion and a second amended complaint. The court struck the second amended complaint from the action for failure to comply with the Federal Rules of Civil Procedure and Civil Local Rule 15. On August 3, 2018, the court granted Defendant's motion to dismiss on the ground that Plaintiff's complaint did not allege any ongoing violations of her constitutional rights. Presently before the court is Plaintiff's motion to reopen the case. For the following reasons, the motion will be granted.

        Rule 60 of the Federal Rules of Civil Procedure sets forth the grounds upon which relief from a final judgment can be granted. Plaintiff relies on Rule 60(b)(1) which provides that a court may

relieve a party from a final judgment, order, or proceeding due to "mistake, inadvertence, surprise, or excusable neglect." "It is well established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 758–59 (7th Cir. 2010) (citation omitted).

Plaintiff maintains that the pleadings and her submissions make clear that she is suffering ongoing prospective constitutional injuries. Plaintiff asserts that in her brief in opposition to Defendant's motion to dismiss, she asserted that she sought injunctive and prospective relief. In particular, Plaintiff requested that "the DHS end its continuing levy of her business bank account, that her name be cleared by the DHS so that she may actually sell or lease her Marinette County facility, and that her past issues with the DHS not taint their decision to issue her a new license to operate assisted living facilities." ECF No. 34 at 7–8. It is well established that a plaintiff cannot amend her complaint through her response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) (noting "the axiomatic rule that a plaintiff may not amend his complaint in his response brief"). In light of this, the court looked to the allegations in the amended complaint and concluded the complaint failed to state a claim upon which relief can be granted.

Nevertheless, the court now understands the nature of Plaintiff's claims against Defendant. "Generally, if a district court dismisses for failure to state a claim, the court should give the party one opportunity to try to cure the problem." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). If Plaintiff wishes to proceed, she must file an amended complaint that clearly sets forth her claims within the next thirty days. At a minimum, Plaintiff must plead sufficient, specific facts that would allow the court to draw the reasonable inference that Defendant acted in violation of her

2

constitutional rights and a specific request for injunctive relief. Failure to file an amended complaint within the time prescribed will result in the dismissal of the action.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for relief from judgment of dismissal (ECF No. 41) is **GRANTED**.

**IT IS FURTHER ORDERED** that the judgment entered on August 3, 2018 is **VACATED**.

**IT IS FURTHER ORDERED** that on or before 30 days from the date of this order, Plaintiff shall file an amended pleading.

Dated this  12th  day of October, 2018.

                                               s/ William C. Griesbach
                                               William C. Griesbach, Chief Judge
                                               United States District Court