UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

XUEJUN MAKHSOUS, individually and for
New Life of Crivitz LP,

                Plaintiff,

      v.                                     Case No. 18-C-587

LINDA SEEMEYER, in her official
capacity as Secretary of the Wisconsin
Department of Health Services and
PAM DAYE, in her official capacity as
Supervisor of Adult Disability Resource
Center of Marinette County,

                Defendants.

## DECISION AND ORDER

Plaintiff Xuejun Makhsous, who is currently representing herself, filed this action on April 13, 2018. She subsequently amended her complaint as a matter of course on June 21, 2018, alleging Defendant Linda Seemeyer, in her official capacity as Secretary of the Wisconsin Department of Health Services (DHS), violated her Fourteenth Amendment rights. Seemeyer moved to dismiss Plaintiff's amended complaint on June 29, 2018. Plaintiff filed a brief in opposition to Seemeyer's motion as well as a second amended complaint. The court struck the second amended complaint for failure to comply with the Federal Rules of Civil Procedure and Civil Local Rule 15. On August 3, 2018, the court granted Seemeyer's motion to dismiss on the ground that Plaintiff's complaint did not allege any ongoing violations of her constitutional rights. Plaintiff subsequently filed a motion to reopen the case, arguing that the pleadings and her submissions made clear that she is suffering ongoing prospective constitutional injuries. The court granted the motion on October 12,

2018, and ordered Plaintiff to file an amended complaint that clearly set forth her claims, including her claim for prospective injunctive relief.

On January 7, 2019, Plaintiff filed an amended complaint on behalf of herself and New Life of Crivitz LP naming Linda Seemeyer, in her official capacity as the Secretary of DHS, and Pam Daye, in her official capacity as Supervisor of Adult Disability Resource Center of Marinette County (ADRC), as defendants. Plaintiff alleges the defendants violated her due process rights and her equal protection rights under the Fourteenth Amendment. Seemeyer filed a motion to dismiss the amended complaint on January 18, 2019. Plaintiff subsequently filed a motion to amend the complaint to dismiss New Life of Crivitz LP as a plaintiff and to sue the defendants in their individual capacities as well as a motion to strike Seemeyer's affirmative defenses. For the following reasons, Plaintiff's motion to amend will be denied, Seemeyer's motion to dismiss will be granted, and Plaintiff's motion to strike will be denied as moot.

## BACKGROUND

Plaintiff is an American citizen of Asian descent who operated assisted living facilities in Marinette County, Wisconsin from February 2013 through September 2018. She asserts that ADRC excluded her facility from its directory and refused to refer individuals to her facilities and that, from May 2015 to June 2016, DHS carried out unnecessary inspections of her facility and issued "racially motivated" sanctions without providing her with an opportunity to challenge the citations. She alleges that this conduct drove her to financial ruin.

Plaintiff asserts that she did not receive due process when the defendants deprived her of her property and that she was subject to oppressive scrutiny that destroyed her business due to her race. Plaintiff requests that the court issue a declaration that DHS and ADRC have unconstitutionally

deprived her of property without affording her due process by failing to provide a prompt hearing where she would have notice and an opportunity to rebut evidence given to her beforehand; issue a declaration that DHS has unconstitutionally discriminated against her on the basis of her race; award damages for the economic loss she suffered; enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and grant her such any other relief the court deems appropriate, including an order forcing DHS and ADRC to give her an impartial and fair hearing on reinstating her license to run the facilities.  Am. Compl., ECF No. 51 at 23, 25.

## ANALYSIS

### A. Motion to Amend

Plaintiff has filed a motion to amend her complaint to dismiss New Life of Crivitz LP as a plaintiff and to sue the defendants in their individual capacities.  Plaintiff's motion, however, fails to comply with the Federal Rules of Civil Procedure and the local rules governing amendment of pleadings.  As the court has previously advised Plaintiff, Civil Local Rule 15 states:

> A motion to amend a pleading must state specifically what changes are sought by the proposed amendments.  The proposed amended pleadings must be filed as an attachment to the motion to amend.

Civil L.R. 15(b).  Here, in contravention of these rules, Plaintiff seeks leave to supplement her complaint in a piecemeal fashion, rather than file an amended complaint that sets forth all claims against all defendants in a single document.  *See Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994) (noting that piecemeal filings make it difficult "for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation").  For these reasons, Plaintiff's motion to amend is denied.

**B. Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 8 mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint must contain factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, she must plead "more than labels and conclusions." *Id.* A simple, "formulaic recitation of the elements of a cause of action will not do." *Id.* In evaluating a motion to dismiss, the court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a light most favorable to the plaintiff. *Yasak v. Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004). The court is also obliged to construe a plaintiff's *pro se* allegations liberally, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff filed her amended complaint against Defendant Seemeyer in her official capacity. It is well-established that "actions against individual defendants in their official capacities are treated as suits brought against the government entity itself." *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) (citation omitted). The Eleventh Amendment generally "bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Peirick v. Ind. Univ.–Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007). The Supreme Court has concluded that Congress did not intend for § 1983 to disturb states' Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989). In short, while a

plaintiff cannot bring suit for monetary damages against a state or its officials acting in their official capacities, the Eleventh Amendment does not bar suits against state officials sued in their official capacities for prospective equitable relief to remedy ongoing violations of federal law. *Peirick*, 510 F.3d at 695 (citing *Ex parte Young*, 209 U.S. 123, 159–60 (1980)). "A court applying the *Ex parte Young* doctrine now 'need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 371 (7th Cir. 2010) (alterations in original) (quoting *Verizon Maryland Inc. v. Pub. Servs. Comm'n of Maryland*, 55 U.S. 635, 645 (2002)).

As was the case with her initial amended complaint, Plaintiff does not seek any prospective injunctive relief for ongoing violations of federal law and instead requests monetary damages and declaratory relief for deprivations she has already allegedly suffered. In particular, Plaintiff requests that the court issue a declaration that DHS and ADRC have unconstitutionally deprived Plaintiff of property without affording her due process and discriminated against her, order DHS and ADRC to give her an impartial and fair hearing on reinstating her license, and award damages for the economic loss she suffered as a result of the constitutional violations. Her allegations stem from past actions that occurred in 2015 and 2016 and are phrased in the past tense. The amended complaint does not contain any allegations of ongoing federal law violations or request relief properly characterized as prospective. Although Plaintiff alleges that DHS obtained a court order to debit her business account over $26,000 for the financial sanctions it imposed on her, she does not allege that DHS continues to levy her business bank account or otherwise engages in ongoing violations of federal law. Again, plaintiffs are barred from bringing suits for monetary damages

5

against a state or its officials, and the Eleventh Amendment does not permit a federal court to issue a declaratory judgment that a state official's past conduct violated federal law. *See Green v. Mansour*, 474 U.S. 64, 73–74 (1985). Plaintiff's amended complaint fails to allege any ongoing violations of her constitutional rights, and as a result, she cannot maintain a lawsuit against Defendant Seemeyer in her official capacity.

To the extent Plaintiff attempts to assert a cause of action against Seemeyer in her individual capacity, she has failed to state a claim upon which relief can be granted. In order to raise a cognizable § 1983 claim against supervisory personnel, a plaintiff must allege personal involvement on the part of that individual. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A defendant may be personally liable only "if the conduct causing the constitutional deprivation occurs at [her] discretion or with [her] knowledge and consent. That is, [she] must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)); *see also Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation."). In this case, the only allegation in the amended complaint that references Seemeyer claims that, as Secretary of DHS, Seemeyer had "final authority to interpret, enforce, and direct others to act in furtherance of the relevant statutes and administrative rules at issue in this matter." ECF No. 51 at ¶ 13. The amended complaint does not otherwise contain any allegations that Seemeyer had any knowledge, took any action, or made any omissions that violated Plaintiff's constitutional rights. Accordingly, the court concludes that Plaintiff has failed to state a § 1983 claim against Seemeyer in her individual capacity.

**CONCLUSION**

For these reasons, Plaintiff's motion to amend (ECF No. 58) is **DENIED**. Defendant Seemeyer's motion to dismiss (ECF No. 55) is **GRANTED**, and Plaintiff's claims against her are **DISMISSED**. Because Plaintiff's claims against Defendant Seemeyer are dismissed, her motion to strike Seemeyer's affirmative defenses (ECF No. 62) is **DENIED as moot**.

**SO ORDERED** this   6th   day of March, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court