UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

XUEJUN MAKHSOUS,

        Plaintiff,

   v.                                                    Case No. 18-C-587

PAM DAYE,

        Defendant.

# DECISION AND ORDER

Plaintiff Xuejun Makhsous, who is currently representing herself, filed this action alleging Defendant Pam Daye, Supervisor of the Adult Disability Resource Center of Marinette County, violated her Fourteenth Amendment rights. On July 12, 2019, Daye filed a motion for summary judgment. Along with her response to the motion for summary judgment, Makhsous filed a motion for judgment against Daye for perjury. For the following reasons, Daye's motion for summary judgment will be granted, Makhsous' motion for judgment will be denied, and the case will be dismissed.

# BACKGROUND

Makhsous owned an adult facility home and a residential care apartment complex which were both located in Marinette County, Wisconsin. Pam Daye is the Supervisor of the Aging and Disability Resource Center of Marinette County (ADRC). The ADRC conducts long-term functional screens and determines an individual's financial eligibility for Medicaid and sends information concerning an individual's eligibility to Managed Care Organizations (MCO), such as Care Wisconsin or Landlake Care. These organizations conduct another assessment, design a service plan for the individual, and place the individual in a residential care facility. Although the ADRC and Daye make recommendations and provide information to those who inquire about

residential care facilities and other resources for the elderly, the ADRC does not place individuals in care facilities, monitor senior care facilities for violations, or issue citations or sanctions. On July 31, 2013, the ADRC sent Makhsous an email requesting more of her facilities' pamphlets for distribution at the ADRC. Makhsous contends that she never received this email but dropped off brochures between 2013 and 2015.

Makhsous claims the ADRC did not include her facilities in its facility directory. The facility directory was first established and put into print in January 2016 and was first published online in January 2017. Pursuant to the ADRC Operational Practice Guidelines issued by the state of Wisconsin, a facility cannot be included in the ADRC directory if the facility has been found in violation of state, federal, or municipal laws or regulations. In 2015, Makhsous' facilities were issued Statements of Deficiency and No New Admit Orders by the Wisconsin Department of Health Services. Daye did not make a decision to exclude Makhsous' facilities from the directory, and she asserts that Makhsous' facilities were not listed in the 2016 ADRC directory because the No New Admit Orders were in effect at the time of the directory's printing. Makhsous claims that she learned of the directory in 2016. Although Makhsous asked Ann Hartnell, the director of Marinette County Industry and Development Corporation, to file a complaint of exclusion and request inclusion in the directory, Daye and the ADRC never received the complaint from Hartnell. Makhsous neither made a request to the ADRC to be included in its directory on her own nor requested a hearing or review of an alleged decision to not be listed in the directory.

## LEGAL STANDARD

Summary judgment is appropriate when the movant shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and make all reasonable inferences that favor them in the light most favorable to the non-moving party.

2

*Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

**ANALYSIS**

**A. Motion for Summary Judgment**

Makhsous alleges that Daye failed to include her facilities in the ADRC facility directory, failed to contact Makhsous to list her facilities in the directory, deprived Makhsous of an interest in her facilities by failing to include them in the directory and excluding them from receiving referrals, caused the destruction of the economic value of her property, and deprived Makhsous of her property without due process. Am. Compl. ¶¶ 21, 27, 63, 76, Dkt. No. 51. She asserts violations of her right to due process and equal protection under the Fourteenth Amendment. The court will address her claims in turn.

**1. Due Process Claim**

The Fourteenth Amendment prohibits the state from taking life, liberty, or property without due process of law. *See Wolff v. McDonnell*, 418 U.S. 529, 566 (1974). To succeed on a claim under the Due Process Clause, a plaintiff must establish a deprivation of a constitutionally protected property interest. *See Kowalski v. Boliker*, 893 F.3d 987, 1001 (7th Cir. 2018). A

property interest is a right created by "existing rules or understandings that stem from an independent source such as state law." *Kim Constr. Co. v. Bd. of Trs. of the Vill. of Mundelein*, 14 F.3d 1243, 1245–46 (7th Cir. 1994) (internal quotation marks and citation omitted). For an interest to be constitutionally protected, the plaintiff must show that she has "a legitimate claim of entitlement to it" rather than "a unilateral expectation to it." *Bell v. City of Country Club Hills*, 841 F.3d 713, 717 (7th Cir. 2016) (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)).

Makhsous asserts that her constitutional rights were violated because her facilities were not listed in the ADRC directory, but she does not cite any Wisconsin statute or regulation which creates a property interest protected by the Fourteenth Amendment. Although Makhsous claims that she was deprived of her right to appeal the decision of exclusion, there is no evidence that Makhsous requested inclusion in the ADRC directory or that Daye declined her request on the basis of her race. Makhsous' facilities would not have been able to be included in the ADRC directory in any event because the No New Admit Orders issued against her facilities were in effect at the time of the directory's printing in 2016. No statute or regulation creates a protected property right in the inclusion of Makhsous' facilities in the ADRC directory. Makhsous' expectation to be included in the directory, without more, is insufficient to support a due process claim. Accordingly, Makhsous' due process claim is dismissed.

**2. Equal Protection Claim**

Makhsous also asserts an equal protection claim. She claims that she has been the victim of racial discrimination by being over-scrutinized, fined, sanctioned, and investigated by the DHS and by not being afforded the same conditions as her non-minority counterparts. To succeed on a class of one equal protection claim, a plaintiff must establish that the state actor discriminated against her with no rational basis. *Miller v. City of Monona*, 784 F.3d 1113, 1120 (7th Cir. 2015).

4

Makhsous' claim fails because Daye and the ADRC play no role in the DHS's investigation, evaluation, or sanction of senior care facilities, and Daye has no authority to inspect or cite Makhsous' facilities. Daye cannot be held responsible for Makhsous' claims that the DHS discriminated against her with no rational basis. Because Makhsous has not established that Daye is personally responsible for the alleged constitutional violation, *see Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), her equal protection claim must be dismissed.

**B. Motion for Judgment**

Makhsous filed a motion for judgment against Daye for perjury and for intentionally concealing highly material information during the pre-trial discovery period. Daye subsequently filed a Rule 7(h) expedited non-dispositive motion to strike Makhsous' motion for judgment because the motion was filed after the dispositive motion deadline had passed. Notwithstanding the fact that Makhsous failed to respond to the motion to strike, which would be grounds in itself to grant Daye's motion and strike the motion for judgment, *see* Civil L.R. 7(d), from the face of the motion for judgment, Makhsous fails to allege facts that support her allegations of perjury. Accordingly, Makhsous' motion for judgment is denied and Daye's motion to strike is denied as moot.

**CONCLUSION**

For these reasons, Daye's motion for summary judgment (Dkt. No. 77) is **GRANTED**, Makhsous' motion for judgment (Dkt. No. 86) is **DENIED**, and Daye's motion to strike (Dkt. No. 89) is **DENIED as moot**. This case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 27th day of January, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court